[Civil No. 4658. Filed July 31, 1943.]

[140 Pac. (2d) 615.]

## ARIZONA TEACHERS' RETIREMENT SYSTEM, Petitioner, v. ANA FROHMILLER, State Auditor, respondent.

Mr. Joe Conway, Attorney General, and Mr. Earl Anderson, Chief Assistant Attorney General, for Petitioner.

Mr. Phil J. Munch, for Respondent.

McALISTER, C. J.—This is an original proceeding in this court brought by the Arizona Teachers' Retirement System against the State Auditor asking for the issuance of an alternative writ of *mandamus* commanding her to draw a warrant against the state treasurer in payment of a claim for the salary of Edwin C. Pendleton as executive secretary of and Walter F. Torczon as secretary to the Arizona Teachers' Retirement System, for the period July 1, 1943, to July 15, 1943, or show cause why she has not done

so. The writ was issued and in her answer respondent, pursuant to her commendable policy of requiring all doubtful claims to be reduced to judgment, moves the court to quash the alternative writ upon the ground that the claim is not one for which she may legally and properly draw a warrant against the state treasurer out of the expense fund of the Arizona Teachers' Retirement System.

The facts are not in dispute and may be stated as follows: The Arizona Teachers' Retirement System was established as of July 1, 1943, by the Sixteenth Legislature, and is maintained, under the management of a board of trustees, for the purpose of providing retirement allowances under the provisions of the Teachers' Retirement Act for the teachers of the Arizona educational system.

The board of trustees of the system, consisting of five members, has the power and privilege of a corporation and in the name "Arizona Teachers' Retirement System" shall transact all business, invest all funds and hold in trust, for the purposes for which received, all cash, securities and other property of the system, and in that name it may sue and be sued. The general administration and responsibility for the proper operation of the system and the provisions of the act shall be vested in the board.

It appears that Edwin C. Pendleton was duly appointed executive secretary of the Arizona Teachers' Retirement System by the board of trustees and that his salary was fixed at $250 per month. It further appears that Walter F. Torczon was appointed as secretary to the system and his salary fixed at the sum of $125 per month. Both Pendleton and Torczon performed their duties for the system from July 1, 1943, to July 15, 1943, and on or about July 15 filed with the respondent, after approval by the board of trustees of the retirement system, a claim for their

salaries from July 1, 1943 to July 15, 1943. The respondent refused to pay the claim upon the ground that there was a question as to whether or not an appropriation had been made therefor by Chapter 61, Laws of 1943.

The respondent contends that the only appropriation that could have been made was in section 30 (b), which reads as follows:

"(b) To cover the state's contribution to the retirement system for the biennium ending June 30, 1945, and thereafter, there shall be transferred from the state school fund to the Arizona teachers' retirement system for the purpose of carrying out the provisions of this Act: 1. for the thirty-second fiscal year: 1a. for the accrued liability fund the sum of one hundred thousand dollars, and, 1b. for the expense fund the sum of two thousand five hundred dollars; 2. for the thirty-third fiscal year, for the accrued liability fund the sum of one hundred thousand dollars, and, 3. for each fiscal year thereafter, unless otherwise provided by law, the sum of one hundred thousand dollars."

It will be observed that this section uses the language: "To cover the state's contribution to the retirement system for the biennium ending June 30, 1945, and thereafter, there shall be transferred from the state school fund to the Arizona Teachers' retirement system for the purpose of carrying out the provisions of this Act" the amounts thereafter specified. It is not apparent how more apt language than this could be chosen for making an appropriation: There shall be transferred to the Arizona teachers' retirement system *for the purpose of carrying out the provisions of this Act,* and then stating the amounts transferred to the respective funds for that purpose, one of them being the expense fund, from which all expenses of administration and operation shall be paid. Section 16(h). Transferring it

to the expense fund had the effect of placing it in that fund, and the expression "for the purpose of carrying out the provisions of this Act" states exactly what it was transferred for. What else could be added to constitute an appropriation?

An examination of the various acts of the different legislatures will disclose that, in making an appropriation for any specific purpose, the language employed is practically the same as that used in this instance. We do not see how the legislature could have employed language that would any more nearly have served its purpose.

It appears to us, therefore, that there is no question but that the legislature made an appropriation covering the expenses of administration and operation of the Teachers' Retirement Act from and after July 1, 1943, and, being of this view, the alternative writ should be made peremptory. Such is the order of the court.

STANFORD, J., concurs.